4. PLEADING, § 355*—*what constitutes withdrawal of plea.* Where leave is asked and given to withdraw a plea, the withdrawal is thereby effected though the plea continues to be a part of the files in the cause.

5. PLEADING, § 354*—*when defendant estopped from relying on defense in plea assumed to be withdrawn.* A defendant which asks and obtains leave to withdraw a special plea, and proceeds to trial on the assumption that the plea was withdrawn, is estopped from thereafter relying upon that defense.

6. DAMAGES, § 207*—*when instruction on manner of determining is not erroneous.* In an action to recover for personal injuries, an instruction in the usual form as to the manner of determining the amount of plaintiff's damages, *held* not open to objection.

7. INSTRUCTIONS, § 20*—*what is proper cautionary instruction.* In an action to recover for personal injuries in which numerous instructions, some complicated and involved, had been given for defendant as to the law and facts necessary to be found to entitle plaintiff to recover, it is proper for the court to point out to the jury that the court did not intend to state an opinion as to what the facts were and to remind them that they were judges of the facts.

John Hemwall Automobile Company, Defendant in Error, v. Harold J. Derby and Frank J. Derby, Plaintiffs in Error.

Gen. No. 22,078.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed June 27, 1917.

## Statement of the Case.

Action by John Hemwall Automobile Company, a corporation, plaintiff, against Harold J. Derby and Frank J. Derby, defendants, to recover on a promis-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sory note. To reverse a judgment for plaintiff for $277.80 entered on the verdict of a jury, plaintiffs prosecute this writ of error.

ROBERT BRANARD, JR., for plaintiffs in error.

WENTWORTH, CAVENDER & KAISER, for defendant in error.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 283*—*when existence of warranty is question for jury.* In an action to recover on a promissory note where one of the defenses is the breach of an alleged warranty in the sale of an automobile, the question whether such warranty was made is for the jury.

2. SALES, § 328*—*when fraud by agent of seller is question for jury.* In an action to recover on a promissory note given for an automobile, where a defense set up is false and fraudulent representations by an agent of plaintiff, the questions whether such representations were made by one who was plaintiff's agent and were acted upon by defendants to their injury are for the jury.

3. APPEAL AND ERROR, § 1410*—*when verdict is not against manifest weight of evidence.* In an action to recover on a promissory note given for an automobile, evidence *held* not to show that the verdict was contrary to the manifest weight of the evidence.

4. SALES,. § 330*—*when instructions on burden of proof not erroneous.* In an action to recover on a promissory note given for an automobile, instructions on the question of the burden of proof *held* not erroneous.

5. SALES, § 330*—*when instructions on warranties are not erroneous.* In an action to recover on a promissory note in which one defense is the breach of a warranty made by one alleged to have been plaintiff's agent, an objection that the instructions in regard to warranties referred to warranties by the plaintiff instead of warranties by the agent is not well taken where the court made it sufficiently clear that the act of an authorized agent within the scope of his authority is the act of his principal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.